

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2008

# Monteiro v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4830

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Monteiro v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1717.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1717

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4830

_____

IBRALTINO CARLOS MONTEIRO,

Petitioner

v.

Attorney General of the United States,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A76-487-306

Initially Docketed as an Appeal from NJ DC No. 06-cv-03010
Prior to the Enactment of the Real ID Act of 2005

_____

Submitted under Third Circuit LAR 34.1(a)
August 3, 2007

Before:  BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion filed January 23, 2008 )

**PER CURIAM**

This matter comes to us as a transfer from the United States District Court for the District of New Jersey, ostensibly pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13. We agree that we lack jurisdiction to consider the matter, and will therefore dismiss it.

Ibraltino Carlos Monteiro filed a petition for a writ of mandamus in the District Court in June of 2006 pursuant to 28 U.S.C. § 1361. Monteiro claimed that he was eligible for derivative citizenship and argued that he was barred from citizenship only because of the Government's delay in adjudicating an application. He sought to have the Court direct the Government to approve nunc pro tunc an application for citizenship effective July 16, 1999 (a day before his eighteenth birthday). In the meantime, an Immigration Judge (IJ) entered an order of removal against Monteiro on August 4, 2006. On November 3, 2006, Monteiro filed a motion for stay of removal with the District Court, noting that he feared he would be removed before the District Court entered a decision on his mandamus petition. The Board of Immigration Appeals (BIA) dismissed Monteiro's appeal of the IJ's decision on November 15, 2006.

The District Court entered a decision on November 17, 2006, denying Monteiro's petition for a writ of mandamus on the merits. No doubt in an abundance of caution, the

2

Court also construed Monteiro's motion for a stay of removal as a petition for review of a final order of removal. The Court ordered that the stay motion be transferred to this Court pursuant to the REAL ID Act.

Monteiro's stay motion, to the extent it could be construed as a petition for review, was filed after the May 2005 enactment date of the REAL ID Act, and thus the District Court did not have jurisdiction over the petition and was not authorized by the REAL ID Act to transfer it to this Court. See 8 U.S.C. § 1252(a)(5); REAL ID Act § 106(a), (c), Pub. L. No. 109-13 Div. B (permitting transfer of habeas petitions pending in district courts on the May 11, 2005 enactment date). Furthermore, because the stay motion, if it was meant to be a petition for review of the BIA's decision, was filed prematurely;[1] and, if it was meant to be a petition for review of the IJ's decision, was filed more than 30 days after that decision; it is untimely as a petition for review, see 8 U.S.C. § 1252(b)(1),[2] and the District Court lacked authority to transfer the petition under the general transfer statute, see 28 U.S.C. § 1631 (authorizing transfer to any court in which the action could have been brought at time it was filed). Accordingly, Monteiro's "petition" is not properly before the Court and is, as argued by Respondent, otherwise untimely.

----

[1] The Government incorrectly states that Monteiro did not appeal the IJ's decision to the BIA. As noted above, the BIA did in fact issue a decision dismissing Monteiro's appeal on November 15, 2006. Monteiro's stay motion, dated November 3, 2006, could not be considered as a petition for review of that decision.

[2] The statutory waiver of the 30 day filing requirement only applies to cases pending in the District Court on the enactment date of the Real ID Act. See REAL ID Act § 106(c).

3

Monteiro did not file a notice of appeal from the District Court's order (nor did he file a notice of appeal from the District Court's order denying his motion for reconsideration); thus, we also lack jurisdiction to consider the District Court's decision denying Monteiro's petition for a writ of mandamus.

For the foregoing reasons, we will **dismiss** the matter.